**FILED**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

22 DEC -1  AM 11: 32

CLERK. U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___CR___
DEPUTY CLERK

| | |
|---|---|
| IN RE SUBPOENA TO TESLA, INC., SANMINA CORPORATION, AND SPACE EXPLORATION TECHNOLOGIES | § § § § § § § § § § § § |

CASE NO. _____

1:22MC01257 RP

## ST'S CUSTOMERS' MOTION TO QUASH SUBPOENAS

The Trustees of Purdue University ("Purdue") are suing STMicroelectronics, Inc. and STMicroelectronics International N.V. (collectively, "ST") for patent infringement in the Waco Division of the Western District of Texas.[1] At Purdue's request, third-party discovery opened in that case on November 22, 2021. Party fact discovery opened on May 2, 2022.  But instead of seeking the requested discovery through *party* discovery, Purdue served *non-party* subpoenas on three of ST's customers, namely Tesla, Inc., Tesla's contract manufacturer Sanmina Corporation, and Space Exploration Technologies ("SpaceX") (collectively, "ST's Customers") on October 3, 2022, with a compliance date of October 31, 2022. *See* Exs. A, B, and C, ("Subpoenas").

The underlying case involves semiconductor products supplied to certain of ST's customers. In an apparent effort to exert undue pressure on ST and its customers, Purdue served facially-overbroad subpoenas seeking broad categories of information on a short timeframe. Notably, much of the discovery Purdue seeks from these third parties can be obtained directly from ST. The remainder of the discovery Purdue seeks has no relevance to the underlying case, such as details about Tesla's and SpaceX's products.

---

[1] *See The Trustees of Purdue University v. STMicroelectronics, Inc. et. al*, No. 6:21-cv-727-ADA (W.D. Tex.) (the "Litigation"). While the Subpoena includes STMicroelectronics N.V. in its definition of ST, ST Microelectronics N.V. has been dismissed from the Litigation.

Further, Purdue has engaged in gamesmanship by refusing to meet-and-confer or work with ST's Customers to try and narrow the scope of the subpoenas to something manageable, specific, and relevant. Instead of trying to work cooperatively, Purdue's approach has been more akin to a combination of "take it or leave it" and "putting the cart before the horse." Purdue demanded that the third parties participate in the underlying court's expedited discovery dispute process, providing an ultimatum that either "ST can stipulate the sales [to ST's Customers] are US sales" or Purdue will "submit[] [the dispute chart] with or without your clients' participation." Ex. D. Indeed, in that email exchange on November 29, 2022, the undersigned counsel again requested a detailed, narrowed list of relevant documents in the possession of the third parties (e.g., documents that *were not* already in the possession of ST). *Id.* But once again, the request was ignored. Purdue's gamesmanship is particularly needless given that discovery does not close until the end of February 2023 and duplicative production would create an undue burden and cost on the third parties. Because of Purdue's seemingly intractable approach, ST's Customers are left with no other choice than to file the instant motion to quash.

## BACKGROUND

Purdue is accusing certain of ST Inc.'s SiC power MOSFET devices of infringing the one asserted patent. Third-party discovery opened in the underlying case over a year ago on November 22, 2021. Party fact discovery in the Litigation opened on May 2, 2022. Purdue was free to start this third-party discovery for the past year and has been free to pursue merits discovery on ST for over 6 months. Recently, Purdue exceeded the Court's party discovery limits. Ex. H.

On October 3, 2022, Purdue served nearly identical subpoenas on Tesla, Sanmina, and SpaceX requesting that each produce certain documents and electronically stored information by October 31, 2022. *See* Exs. A, B, and C. ST's Customers served objections. *See* Exs. E, F, and G. Tesla and SpaceX are customers and buy the accused SiC MOSFETs for use in certain

applications. Sanmina is a contract manufacturer for Tesla, meaning that Sanmina purchases individual components, such as ST's SiC MOSFETs, and builds certain assemblies per Tesla's specifications and instructions, including the specification to use ST's SiC MOSFETs.

The requests in all three non-party subpoenas seek overly-broad information that has little relevance to the underlying litigation, and information that can be obtained directly from ST. For example, Purdue seeks the following information and documents, from January 2015 to the present:

1. All bills of materials for products that include or have included ST's SiC MOSFETs;

2. All Documents exchanged between ST's Customers and ST that mention, refer or relate to ST SiC MOSFETs, including supply agreements, NRE agreements, NRE output, purchase orders, capacity reservations, capacity allocations, prices, deliveries, qualification, testing, importation documentation, bills of lading, shipping receipts, warehousing, the provision of samples, the Design Win process, testing, costs, negotiations, and deliveries;

3. Documents sufficient to disclose the unit volume of ST SiC MOSFETs included in ST's Customers' Products;

4. Documents sufficient to disclose the dollar value of ST SiC MOSFETs purchased, provisioned, imported, or included in ST's Customers' Products; and

5. Documents sufficient to identify the five (5) employees, agents, representatives, or other persons affiliated with ST's Customers who were the most involved in negotiating capacity reservations/allocations, forecasts, pricing, delivery, and other terms of agreements regarding ST SiC MOSFETs.

*See* Exs. A-C, Subpoenas.

As written, the Subpoenas are unduly burdensome and plainly seek information about 7 years of purchases and implementation of ST's chips in various applications. Most of the information Purdue seeks can be obtained directly from documents in ST's possession without burdening ST's Customers and duplicating party discovery. The subpoenas are an apparent attempt to abuse the discovery process to pressure ST to enter into a stipulation regarding damages. *See*

Ex. D. What is evident is that Purdue has not taken any steps to minimize the burden to ST's Customers, as required under Rule 45(d)(1).

## LEGAL STANDARD

Under Rule 45, a party may serve a subpoena that commands a non-party to produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control. *See* FED. R. CIV. P. 45(a)(1)(A)(iii). The scope of discovery allowed under Rule 45, however, is limited by Rule 26, meaning the subpoena can only compel the production of non-privileged materials and information that are relevant to the case and proportional to the case's needs. FED. R. CIV. P. 26(b)(1).

Importantly, a party issuing and serving a subpoena "*must* take reasonable steps to *avoid imposing undue burden or expense* on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1) (emphasis added). Consequently, a court "*must* quash or modify a subpoena that . . . subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv) (emphasis added).

## ARGUMENTS

**I.    The Court should quash the Subpoenas.**

**A.    The Subpoenas request information from non-parties that Purdue should seek from parties to the Litigation.**

On the whole, the relevant factors support quashing the Subpoena. As a preliminary matter, the burden to ST's Customers imposed by the Subpoenas outweighs Purdue's need to enforce it. Indeed, most of the information Purdue seeks is readily obtainable from a party defendant. For example, Purdue seeks "[a]ll Documents exchanged between [ST's Customers] and ST that mention, refer or relate to ST SiC MOSFETs" and "the dollar value of ST SiC MOSFETs purchased, provisioned, imported, or included in [ST's Customers'] Products." ST would have

documents exchanged with its customers as well as sales information for SiC MOSFETs to ST's Customers.

Pursuant to Rule 26, a district court has the power to deny discovery if the party seeking discovery can obtain it from another source that is more convenient, less burdensome, or less expensive. FED. R. CIV. P. 26(b). Thus, a district court can properly require a party "to seek discovery from its party opponent before burdening a nonparty." *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993). Generally, "parties should not resort to non-parties for discovery that is obtainable elsewhere." *Sky Techs. LLC v. IBM Inc.*, No. 2:03-Cv-454, 2005 U.S. Dist. LEXIS 47687, at *6 (E.D. Tex. July 20, 2005) (citing *Haworth*, 998 F.2d at 978); *see also Positive Black Talk v. Cash Money Records*, 394 F.3d 357, 377 (5th Cir. 2004).

The Western District of Texas decided a similar issue in *Rembrandt Patent Innovations v. Apple, Inc.*, No. 1:15–CV–438–RP, 2015 WL 4393581 (W.D. Tex. July 15, 2015) (Pitman, J.). There, plaintiffs served non-party subpoenas before receiving a "definitive statement from Apple regarding whether [the information sought] is available or not." *Id.* at *1–2. The Court held that, because the information at issue in the subpoena was available from Apple, "any interest Plaintiffs have in obtaining said information from a non-party is far outweighed by the burden imposed." *Id.* at *1. "[U]ntil and unless Plaintiffs can establish they are unable to obtain the requested information from the Defendant, subpoenaing the information from [the non-party] creates an undue burden that is not outweighed by Plaintiffs' need for the information." *Id.* at *2. Accordingly, the Court granted the non-party's motion to quash the subpoena. *Id.*

Similarly here, because Purdue has not sought to obtain the requested information directly from ST, this Court should quash the Subpoenas.

**B.      The Subpoenas are overly broad on their face.**

A motion to quash or modify under Rule 45 requires a court to quash or modify a subpoena if it subjects a person to undue burden. FED. R. CIV. P. 45(c)(3)(A)(iii), (iv). A facially overbroad subpoena is unduly burdensome. *Williams v. City of Dallas,* 178 F.R.D. 103, 109 (N.D. Tex. 1998). Purdue served non-parties with overbroad subpoenas directed to 7 years of discussions, purchases, and usage of ST's SiC MOSFET products, which would include extensive email discovery. These requests far exceeded the scope of even arguably relevant information.

For example, Request No. 4 asks for "documents sufficient to identify *all* [] Products sold, offered for sale, made, used, or imported during the [the last 7 years] that include ST SiC MOSFETs or ST Modules." Exs. A-C, Subpoenas. In Request No. 7, Purdue seeks documents "sufficient to disclose the unit volume of ST SiC MOSFETs and ST Modules included in [ST's Customers'] Products during the Period." Exs. A-C, Subpoenas. Request No. 8 asks for all documents "sufficient to disclose the dollar value of ST SiC MOSFETs and ST Modules purchased, provisioned, imported, or included in [ST's Customers'] Products during the Period." Exs. A-C, Subpoenas. These three requests alone would require ST's Customers to collect documents from the past seven years on their purchase and order of ST products, ST's sale of products, record keeping for ST products, prices and discounts, sales volumes, shipping records, and part numbers for all products (e.g., electric vehicles and sub-components) that include ST's SiC MOSFETs.

Further, Request No. 5 asks for all documents between ST and the ST Customers that merely "mention, refer or relate to ST SiC MOSFETs and ST Modules." Exs. A-C, Subpoenas. Such documents include, but are not even limited to: supply agreements, NRE agreements, NRE output, purchase orders, capacity reservations, capacity allocations, prices, deliveries, qualification, testing, importation documentation, bills of lading, shipping receipts, warehousing,

the provision of samples, the Design Win process, testing, costs, negotiations, and deliveries. Exs. A-C, Subpoenas.

Moreover, several of the requests seek information about the manufacture and production of ST's Customers' products, without limitation. For instance, Request No. 2 seeks documents "sufficient to identify [ST's Customers'] Suppliers during the Period." Exs. A-C, Subpoenas. Such a request seeks information that, at least some of which, is totally unrelated to ST or its products. Similarly, in Request No. 3, Purdue requests that ST's Customers produce documents "sufficient to identify the contract manufacturers, suppliers, or designers of *any* components, systems, sub-systems, assemblies, sub-assemblies or discreet devices incorporated into a [ST Customers'] Product where such components, systems, sub-systems, assemblies, sub-assemblies or discreet devices so incorporated are or include ST SiC MOSFETs and ST Modules as components." Exs. A-C, Subpoenas. Purdue's requests are a blatant fishing expedition.

Rule 45 contemplates whether a party or attorney issuing a subpoena "impos[ed] undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(d)(1). In keeping with Rule 45, courts generally afford non-parties greater protections from discovery. *Hume v. Consolidated Grain & Barge, Inc.*, Civ. A. No. 15-935, 2016 WL 7385699, at *3 (E.D. La. Dec. 21, 2016) (quoting E. Laporte and J. Redgrave, *A Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure 26*, 2015 Fed. Cts. L. Rev. 19, 57 (2015)). There can be no doubt here that the Subpoenas impose an undue burden on ST's Customers that far outweighs Purdue's need for the information. This is especially true given Purdue (1) failed to exhaust its options with a party to the litigation before serving non-parties with these subpoenas and (2) refused to meet-and-confer and work with these third-parties to craft a more manageable scope. Further, Purdue's use of third-party subpoenas is particularly troublesome given that Purdue has

exceeded the limits of party discovery. This appears to be an attempt to sidestep the Court's discovery limits.

### C.     Tesla did not waive its objections.

SpaceX and Sanmina timely served objections to Purdue's subpoena on October 17. Purdue agreed that Tesla's objections were due on October 31. Prior to this deadline, Tesla communicated its clear objection to Purdue. *See* Ex. I.  Unfortunately, due to an oversight by the undersigned counsel, Tesla's formal objections were not emailed to counsel for Purdue until 9:11 AM on Nov. 1, instead of being emailed on October 31. Purdue now claims that as a result, Tesla waived its objections to the subpoena despite the pre-deadline communications of Tesla's intent to object. But this slight delay does not equal a waiver of Tesla's objections, nor does counsel's good faith mistake indicate a dilatory approach by Tesla. The time delay was minimal (approximately 9 hours) the objections were emailed the next morning.  Moreover, Purdue was already on notice that these subpoenas were overbroad and objectionable since it received objections from Sanmina and SpaceX.

Generally, the failure of a nonparty to serve timely objections to a Rule 45 subpoena can result in a waiver of such objections, absent unusual circumstances. *Isenberg v. Chase Bank USA*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009). When applying the rule strictly, courts have noted a deliberate approach by the dilatory party. *Id.* ("In fact, this is the second time Isenberg has been provided with these documents. . . . Consistent with her conduct throughout this case, Isenberg's response was untimely. She has, therefore, waived any objection to Chase's evidence.") By contrast, Tesla had already communicated its objections to Purdue and, in the instant motion, Tesla has explained the good faith basis for the minor delay.

More importantly, courts have found "in unusual circumstances and for good cause . . . the failure to act timely will not bar consideration of objections." *In re Application of Grupo Mex. Sab*

*De CV*, No. 3:14-MC-0073-G, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015) (Fish, J.)

(quoting *In re Denture Cream Products Liability Litigation*, 292 F.R.D. 120, 124 (D.D.C. 2013)).

"Unusual circumstances" exist when "(1) the subpoena is overbroad on its face and exceeds the

bounds of fair discovery; … (2) the subpoenaed witness is a nonparty acting in good faith; … and

(3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness'

compliance prior to the time the witness challenged [the] legal basis for the subpoena." *Id.*; *see*

*also Piazza's Seafood World, LLC v. Odom*, Civil Action No. 07-413-BAJ-CN, 2011 WL

3664437, at *3 (M.D. La. Aug. 19, 2011) ("[I]f aspects of a subpoena are overbroad on their face

and exceed the bounds of fair discovery and the subpoenaed witness is a non-party acting in good

faith, waiver of the non-party's untimely objections is not automatic, and the objections may be

considered."). In this case, those criteria are all met: (1) the subpoena is overbroad and Purdue has

declined to narrow it whatsoever; (2) counsel for Tesla was in communication with Purdue prior

to the deadline and the minor delay was a good faith error; and (3) ST's Customers' objections to

the subpoena were communicated to Purdue prior to the October 31 deadline.

The *In re Denture Cream* decision cited by Judge Fish in *Grupo Mexico* noted that the

clear, pre-deadline communications and objections by counsel for the third party, Sarfez Entities,

helped form the basis for finding good cause and unusual circumstances: "Although the Sarfez

Entities did not object to the defendants' subpoenas within the allowed time frame, *see* FED. R.

CIV. P. 45(c)(2)(B) . . . their counsel and defendants' counsel 'were in contact concerning [the

Sarfez Entities'] compliance prior to the time [they] challenged [the] legal basis for the

subpoena[s].'" *In re Denture Cream Products Liability Litigation*, 292 F.R.D. at 123 (citations

omitted). As a result, the court found that such communications constituted sufficient notice, rather

than waiver: "Accordingly, the Court will consider the Sarfez Entities' objections to the legal basis for the subpoenas." *Id.*

Similarly in this case, Tesla's counsel acted in good faith, responding roughly 9 hours after the deadline and after Purdue already knew of ST's Customers' intent to object to the overly broad subpoena. Ex. I. When courts have declined to find unusual circumstances, they dealt with much different facts: namely, far longer delays and no explanation by the party. *See Scrum All. Inc. v. Scrum, Inc.*, No. 4:20-CV-00227, 2020 WL 6559625, at *2 (E.D. Tex. Nov. 9, 2020) ("Defendants objected on September 25—two weeks past the compliance date—and do not explain the delay in their Reply. Without Defendants' explanation on why there are 'unusual circumstances and ... good cause' to overcome this delay, the Court is unable to overlook it.").

In sum, Tesla's status as a non-party, the fact that the subpoenas are facially overbroad, and the fact Purdue was on notice of objections from these third parties—even before Tesla responded to the subpoena—weigh in favor of finding no waiver of objections. *See Total E & P USA, Inc. v. Kerr – McGee Oil & Gas Corp.*, No. 09–6644, 2014 WL 4104192, at *4 (E.D. La. Aug. 19, 2014) ("Chevron's status as a non-party, the breadth of the subpoena and the fact that Chevron verbally raised an objection to the subpoena before it responded to it weigh in favor of finding no waiver of objections."); *see also Yousuf v. Samantar*, 451 F.3d 248, 252, 371 U.S. App. D.C. 329 (D.C. Cir. 2006) (affirming that district court had discretion to consider untimely objection when the objector was non-party acting in good faith, the subpoena appeared to be overbroad, and counsel contacted subpoenaing party to voice objection). Given the unusual circumstances at bar and the balance of equities, the Court should find that Tesla did not waive its objections to Purdue's overly-broad subpoena.

## CONCLUSION

The Court should quash the Subpoenas served by Purdue on non-parties in their entirety.

Dated: December 1, 2022

Respectfully submitted:

By: /s/ Justin S. Cohen
**Justin S. Cohen**
    SBN 24078356
    Justin.Cohen@hklaw.com

**HOLLAND & KNIGHT LLP**
    One Arts Plaza
    1722 Routh St., Suite 1500
    Dallas, Texas 75201
    214.969.1700

**ATTORNEYS FOR**
**NON-PARTIES TESLA INC., SANMINA**
**CORPORATION, AND SPACE EXPLORATION**
**TECHNOLOGIES**

## CERTIFICATE OF CONFERENCE

Counsel for Tesla, Inc., Sanmina Corporation, and Space Exploration Technologies has conferred with counsel for Plaintiff. No agreement regarding the relief requested herein could be reached.

*/s/Justin Cohen*
Justin S. Cohen

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2022, a true and correct copy of the foregoing was served upon all counsel for all parties via email.

*/s/Justin Cohen*
Justin S. Cohen

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

|  |  |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 6:21-CV-00727-ADA |
| STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC, | JURY TRIAL DEMANDED |
| Defendants. | |

## PLAINTIFF'S NOTICE OF SUBPOENA TO TESLA, INC.

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Plaintiff, The

Trustees of Purdue University, intends to serve the following subpoena on Tesla, Inc.

Dated: October 3, 2022

Respectfully submitted,

*/s/ Michael W. Shore*
Mark D. Siegmund (SBN 24117055)
Craig Cherry (SBN 24012419)
STECKLER WAYNE CHERRY & LOVE PLLC
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
craig@swclaw.com

Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

1

Brian D. Melton (SBN 24010620)
John P. Lahad (SBN 24068095)
Hayley Stillwell (pro hac vice)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
hstillwell@susmangodfrey.com

**COUNSEL FOR PLAINTIFF**
**THE TRUSTEES OF PURDUE UNIVERSITY**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via e-mail on October 3, 2022.

/s/ *Michael W. Shore*
Michael W. Shore

2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| TRUSTEES OF PURDUE UNIVERSITY | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 6:21-cv-00727-ADA |
| STMICROELECTRONICS N.V., et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Tesla, Inc. at 1 Tesla Road, Austin, Texas 78725
c/o CT Corp. 1999 Bryan St., Ste. 900, Dallas, TX 75201

_(Name of person to whom this subpoena is directed)_

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Court Reporters Clearinghouse<br>13809 Research Blvd., Ste 500<br>Austin, TX 78750 | Date and Time:<br><br>10/31/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/03/2022

| | | |
|---|---|---|
| _CLERK OF COURT_ | | |
| | OR | /s/ Michael W. Shore |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ The Trustees of Purdue University , who issues or requests this subpoena, are:

Michael W. Shore, THE SHORE FIRM, 901 Main Street, Ste 3300, Dallas, TX 75202, mshore@shorefirm.com, 214.593.9110

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   6:21-cv-00727-ADA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**
    **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
    **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## I.   DEFINITIONS

"Tesla" shall mean Tesla, Inc. as well as all entities whose financials are consolidated in the Form 10-Q filed with the Securities and Exchange Commission reporting results for the quarterly period ended June 30, 2022.

"ST" shall include STMicroelectronics N.V., STMicroelectronics International N.V., STMicroelectronics, Inc., as well as their subsidiaries, agents, manufacturer representatives, distributors, and others acting on their behalf who are involved in any way in selling to, providing to, or manufacturing ST SiC MOSFETs or ST Modules for Tesla.

"Tesla Inverter Supplier" shall mean any entity who supplies Tesla with inverters or inverter components, systems or subsystems that include ST SiC MOSFETs or ST Modules.

"ST SiC MOSFET" shall mean any silicon carbide FET transistor manufactured, supplied or sourced from ST with a SiC substrate or device layer, and shall include systems that use polysilicon in place of metal for gate regions and/or materials other than oxides for its insulating/dielectric layers/regions.

"ST Module" shall mean any module manufactured, supplied or sourced from ST that includes an ST SiC MOSFET.

"Tesla Products" shall mean any product of any type or kind that is made, offered for sale, sold, imported, or used by Tesla in the United States that includes as a component an ST SiC MOSFET or ST Module. Tesla Products includes automobiles, chargers, inverters, power systems, backup energy storage systems, solar power systems, motors, variable speed drives, and any other product or system that includes as a component an ST SiC MOSFET or ST Module.

"Documents" shall mean any graphic, electronic, video, digital or other medium capable of conveying information. Documents includes paper documents, emails, texts, contracts, agreements, purchase orders, supply agreements, presentations, PowerPoint slides, spreadsheets, voicemails, recordings, and any other media.

"Bill of Materials" or "BOM" shall mean a list of the raw materials, sub-assemblies, intermediate assemblies, sub-components, parts, and the quantities of each needed to manufacture a Tesla Product or a component, system or sub-system within a Tesla Product (e.g. an inverter). A BOM can define products as they are designed (engineering bill of materials), as they are ordered (sales bill of materials), as they are built (manufacturing bill of materials), or as they are maintained (service bill of materials). A BOM is frequently used by engineers attributively to refer not to the current production configuration of a product.

"Design Win" means the placement of an ST MOSFET or ST Module on a BOM for a Tesla Product or an agreement to use an ST MOSFET or ST Module in a Tesla Product.

"NRE" shall mean non-recurring engineering, the cost to research, design, develop and test a new product, a custom product or product enhancement.

"Period" shall mean January 1, 2015 to the present. Unless otherwise noted, all document requests seek "Documents" that have existed at any point during the Period.

1

**EXHIBIT A**

## II.   DOCUMENTS REQUESTED

1.   All BOMs for Tesla Products that include or have during the Period, included ST SiC MOSFETs or ST Modules.

2.   Documents sufficient to identify Tesla Inverter Suppliers during the Period.

3.   Documents sufficient to identify the contract manufacturers, suppliers, or designers of any components, systems, sub-systems, assemblies, sub-assemblies or discreet devices incorporated into a Tesla Product where such components, systems, sub-systems, assemblies, sub-assemblies or discreet devices so incorporated are or include ST SiC MOSFETs and ST Modules as components.

4.   Documents sufficient to identify all Tesla Products sold, offered for sale, made, used, or imported during the Period that include ST SiC MOSFETs or ST Modules.

5.   All Documents exchanged between Tesla and ST that mention, refer or relate to ST SiC MOSFETs and ST Modules, including supply agreements, NRE agreements, NRE output, purchase orders, capacity reservations, capacity allocations, prices, deliveries, qualification, testing, importation documentation, bills of lading, shipping receipts, warehousing, the provision of samples, the Design Win process, testing, costs, negotiations, and deliveries.

6.   All Documents evidencing the component identifiers assigned to ST SiC MOSFETs and SiC Modules used or incorporated in Tesla Products.

7.   Documents sufficient to disclose the unit volume of ST SiC MOSFETs and ST Modules included in Tesla Products during the Period.

8.   Documents sufficient to disclose the dollar value of ST SiC MOSFETs and ST Modules purchased, provisioned, imported, or included in Tesla Products during the Period.

**EXHIBIT A**

9.   Documents sufficient to identify the five (5) Tesla employees, agents, representatives, or other persons affiliated with Tesla who were the most involved in negotiating capacity reservations/allocations, forecasts, pricing, delivery, and other terms of agreements regarding ST SiC MOSFETs and ST Modules with ST.

10. Documents sufficient to identify the applications and design engineers employed by Tesla or who were acting on behalf of Tesla in procuring, selecting, testing, and placing on BOMs ST SiC MOSFETs and ST Modules.

3

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 6:21-CV-00727-ADA |
| STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC, | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF'S NOTICE OF SUBPOENA TO SANMINA CORP.**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Plaintiff, The

Trustees of Purdue University, intends to serve the following subpoena on Sanmina Corporation.

Dated: October 3, 2022

Respectfully submitted,

/s/ Michael W. Shore
Mark D. Siegmund (SBN 24117055)
Craig Cherry (SBN 24012419)
STECKLER WAYNE CHERRY & LOVE PLLC
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
craig@swclaw.com

Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

1

Brian D. Melton (SBN 24010620)
John P. Lahad (SBN 24068095)
Hayley Stillwell (pro hac vice)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
hstillwell@susmangodfrey.com

***COUNSEL FOR PLAINTIFF
THE TRUSTEES OF PURDUE UNIVERSITY***

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via e-mail on October 3, 2022.

*/s/ Michael W. Shore*
Michael W. Shore

2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| TRUSTEES OF PURDUE UNIVERSITY | ) | |
| *Plaintiff* | ) | Civil Action No.  6:21-cv-00727-ADA |
| v. | ) | |
| STMICROELECTRONICS N.V., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Sanmina Corp. 1201 West Crosby Road, Carrollton, TX 75006
c/o Corporation Service Company, 211 E. 7th Street, Ste 620, Austin, TX 78701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: The Shore Firm | Date and Time: |
|---|---|
| 901 Main Street, Ste 3300 Dallas, Texas 75202 | 10/31/2022 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/03/2022

|      *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Michael W. Shore |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      The Trustees of
Purdue University                                                                                              , who issues or requests this subpoena, are:

Michael W. Shore, THE SHORE FIRM, 901 Main Street, Ste 3300, Dallas, TX 75202, mshore@shorefirm.com,
214.593.9110

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   6:21-cv-00727-ADA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____

_____ .

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

    I declare under penalty of perjury that this information is true.

Date: _____

                                _____
                                          *Server's signature*

                                _____
                                       *Printed name and title*

                                _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

## I.   DEFINITIONS

"Sanmina" shall mean Sanmina Corporation as well as all entities whose financials are consolidated in the Form 10-Q filed with the Securities and Exchange Commission reporting results for the quarterly period ended June 30, 2022.

"ST" shall include STMicroelectronics N.V., STMicroelectronics International N.V., STMicroelectronics, Inc., as well as their subsidiaries, agents, manufacturer representatives, distributors, and others acting on their behalf who are involved in any way in selling to, providing to, or manufacturing ST SiC MOSFETs or ST Modules for Sanmina.

"Sanmina Inverter Supplier" shall mean any entity who supplies Sanmina with inverters or inverter components, systems or subsystems that include ST SiC MOSFETs or ST Modules.

"ST SiC MOSFET" shall mean any silicon carbide FET transistor manufactured, supplied or sourced from ST with a SiC substrate or device layer, and shall include systems that use polysilicon in place of metal for gate regions and/or materials other than oxides for its insulating/dielectric layers/regions.

"ST Module" shall mean any module manufactured, supplied or sourced from ST that includes an ST SiC MOSFET.

"Sanmina Products" shall mean any product of any type or kind that is made, offered for sale, sold, imported, or used by Sanmina in the United States that includes as a component an ST SiC MOSFET or ST Module. Sanmina Products includes automobiles, chargers, inverters, power systems, backup energy storage systems, solar power systems, motors, variable speed drives, and any other product or system that includes as a component an ST SiC MOSFET or ST Module.

"Documents" shall mean any graphic, electronic, video, digital or other medium capable of conveying information. Documents includes paper documents, emails, texts, contracts, agreements, purchase orders, supply agreements, presentations, PowerPoint slides, spreadsheets, voicemails, recordings, and any other media.

"Bill of Materials" or "BOM" shall mean a list of the raw materials, sub-assemblies, intermediate assemblies, sub-components, parts, and the quantities of each needed to manufacture a Sanmina Product or a component, system or sub-system within a Sanmina Product (e.g. an inverter). A BOM can define products as they are designed (engineering bill of materials), as they are built (sales bill of materials), as they are built (manufacturing bill of materials), or as they are maintained (service bill of materials). A BOM is frequently used by engineers attributively to refer not to the current production configuration of a product.

"Design Win" means the placement of an ST MOSFET or ST Module on a BOM for a Sanmina Product or an agreement to use an ST MOSFET or ST Module in a Sanmina Product.

"NRE" shall mean non-recurring engineering, the cost to research, design, develop and test a new product, a custom product or product enhancement.

"Period" shall mean January 1, 2015 to the present. Unless otherwise noted, all document requests seek "Documents" that have existed at any point during the Period.

**EXHIBIT A**

## II.   DOCUMENTS REQUESTED

1.  All BOMs for Sanmina Products that include or have during the Period, included ST SiC MOSFETs or ST Modules.

2.  Documents sufficient to identify Sanmina Inverter Suppliers during the Period.

3.  Documents sufficient to identify the contract manufacturers, suppliers, or designers of any components, systems, sub-systems, assemblies, sub-assemblies or discreet devices incorporated into a Sanmina Product where such components, systems, sub-systems, assemblies, sub-assemblies or discreet devices so incorporated are or include ST SiC MOSFETs and ST Modules as components.

4.  Documents sufficient to identify all Sanmina Products sold, offered for sale, made, used, or imported during the Period that include ST SiC MOSFETs or ST Modules.

5.  All Documents exchanged between Sanmina and ST that mention, refer or relate to ST SiC MOSFETs and ST Modules, including supply agreements, NRE agreements, NRE output, purchase orders, capacity reservations, capacity allocations, prices, deliveries, qualification, testing, importation documentation, bills of lading, shipping receipts, warehousing, the provision of samples, the Design Win process, testing, costs, negotiations, and deliveries.

6.  All Documents evidencing the component identifiers assigned to ST SiC MOSFETs and SiC Modules used or incorporated in Sanmina Products.

7.  Documents sufficient to disclose the unit volume of ST SiC MOSFETs and ST Modules included in Sanmina Products during the Period.

8.  Documents sufficient to disclose the dollar value of ST SiC MOSFETs and ST Modules purchased, provisioned, imported, or included in Sanmina Products during the Period.

**EXHIBIT A**

9.   Documents sufficient to identify the five (5) Sanmina employees, agents, representatives, or other persons affiliated with Sanmina who were the most involved in negotiating capacity reservations/allocations, forecasts, pricing, delivery, and other terms of agreements regarding ST SiC MOSFETs and ST Modules with ST.

10. Documents sufficient to identify the applications and design engineers employed by Sanmina or who were acting on behalf of Sanmina in procuring, selecting, testing, and placing on BOMs ST SiC MOSFETs and ST Modules.

3

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 6:21-CV-00727-ADA |
| STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC, | JURY TRIAL DEMANDED |
| Defendants. | |

## PLAINTIFF'S NOTICE OF SUBPOENA TO SPACE EXPLORATION TECHNOLOGIES

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Plaintiff, The Trustees of Purdue University, intends to serve the following subpoena on Space Exploration Technologies.

Dated: October 4, 2022

Respectfully submitted,

/s/ Michael W. Shore
Mark D. Siegmund (SBN 24117055)
Craig Cherry (SBN 24012419)
STECKLER WAYNE CHERRY & LOVE PLLC
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
craig@swclaw.com

Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com

1

coffor@shorefirm.com
hndai@shorefirm.com

Brian D. Melton (SBN 24010620)
John P. Lahad (SBN 24068095)
Hayley Stillwell (pro hac vice)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
hstillwell@susmangodfrey.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE UNIVERSITY***

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via e-mail on October 4, 2022.

*/s/ Michael W. Shore*
Michael W. Shore

2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| TRUSTEES OF PURDUE UNIVERSITY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   6:21-cv-00727-ADA |
| STMICROELECTRONICS N.V., et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Space Exploration Technologies, 1 Rocket Rd., Brownsville, TX 78521
c/o Corporation Service Company, 211 E. 7th Street, Ste 620, Austin, TX 78701

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Ace Court Reporting Service, LLC
220 East University Dr.
Edinburg, TX 78539 | Date and Time:

10/31/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/04/2022

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| | | /s/ Michael W. Shore |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   The Trustees of Purdue University , who issues or requests this subpoena, are:

Michael W. Shore, THE SHORE FIRM, 901 Main Street, Ste 3300, Dallas, TX 75202, mshore@shorefirm.com, 214.593.9110

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   6:21-cv-00727-ADA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
  **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## I.   DEFINITIONS

"SpaceX" shall mean Space Exploration Technologies as well as all entities whose financials are consolidated with SpaceX when reporting results for the quarterly period ended June 30, 2022.

"ST" shall include STMicroelectronics N.V., STMicroelectronics International N.V., STMicroelectronics, Inc., as well as their subsidiaries, agents, manufacturer representatives, distributors, and others acting on their behalf who are involved in any way in selling to, providing to, or manufacturing ST SiC MOSFETs or ST Modules for SpaceX.

"SpaceX Inverter Supplier" shall mean any entity who supplies SpaceX with inverters or inverter components, systems or subsystems that include ST SiC MOSFETs or ST Modules.

"ST SiC MOSFET" shall mean any silicon carbide field effect transistor manufactured, supplied or sourced from ST with a SiC substrate or device layer, and shall include systems that use polysilicon in place of metal for gate regions and/or materials other than oxides for its insulating/dielectric layers/regions.

"ST Module" shall mean any module manufactured, supplied or sourced from ST that includes an ST SiC MOSFET.

"SpaceX Products" shall mean any product of any type or kind that is made, offered for sale, sold, imported, or used by SpaceX in the United States that includes as a component an ST SiC MOSFET or ST Module. SpaceX Products includes rockets, launch vehicles, chargers, inverters, power systems, backup energy storage systems, solar power systems, motors, variable speed drives, and any other product or system that includes as a component an ST SiC MOSFET or ST Module.

"Documents" shall mean any graphic, electronic, video, digital or other medium capable of conveying information. Documents includes paper documents, emails, texts, contracts, agreements, purchase orders, supply agreements, presentations, PowerPoint slides, spreadsheets, voicemails, recordings, and any other media.

"Bill of Materials" or "BOM" shall mean a list of the raw materials, sub-assemblies, intermediate assemblies, sub-components, parts, and the quantities of each needed to manufacture a SpaceX Product or a component, system or sub-system within a SpaceX Product (e.g. an inverter). A BOM can define products as they are designed (engineering bill of materials), as they are ordered (sales bill of materials), as they are built (manufacturing bill of materials), or as they are maintained (service bill of materials). A BOM is frequently used by engineers attributively to refer not to the current production configuration of a product.

"Design Win" means the placement of an ST MOSFET or ST Module on a BOM for a SpaceX Product or an agreement to use an ST MOSFET or ST Module in a SpaceX Product.

"NRE" shall mean non-recurring engineering, the cost to research, design, develop and test a new product, a custom product or product enhancement.

"Period" shall mean January 1, 2015 to the present. Unless otherwise noted, all document requests seek "Documents" that have existed at any point during the Period.

**EXHIBIT A**

## II.   DOCUMENTS REQUESTED

1.   All BOMs for SpaceX Products that include or have during the Period, included ST SiC MOSFETs or ST Modules.

2.   Documents sufficient to identify SpaceX Inverter Suppliers during the Period.

3.   Documents sufficient to identify the contract manufacturers, suppliers, or designers of any components, systems, sub-systems, assemblies, sub-assemblies or discreet devices incorporated into a SpaceX Product where such components, systems, sub-systems, assemblies, sub-assemblies or discreet devices so incorporated are or include ST SiC MOSFETs and ST Modules as components.

4.   Documents sufficient to identify all SpaceX Products sold, offered for sale, made, used, or imported during the Period that include ST SiC MOSFETs or ST Modules.

5.   All Documents exchanged between SpaceX and ST that mention, refer or relate to ST SiC MOSFETs and ST Modules, including supply agreements, NRE agreements, NRE output, purchase orders, capacity reservations, capacity allocations, prices, deliveries, qualification, testing, importation documentation, bills of lading, shipping receipts, warehousing, the provision of samples, the Design Win process, testing, costs, negotiations, and deliveries.

6.   All Documents evidencing the component identifiers assigned to ST SiC MOSFETs and SiC Modules used or incorporated in SpaceX Products.

7.   Documents sufficient to disclose the unit volume of ST SiC MOSFETs and ST Modules included in SpaceX Products during the Period.

8.   Documents sufficient to disclose the dollar value of ST SiC MOSFETs and ST Modules purchased, provisioned, imported, or included in SpaceX Products during the Period.

**EXHIBIT A**

9.   Documents sufficient to identify the five (5) SpaceX employees, agents, representatives, or other persons affiliated with SpaceX who were the most involved in negotiating capacity reservations/allocations, forecasts, pricing, delivery, and other terms of agreements regarding ST SiC MOSFETs and ST Modules with ST.

10. Documents sufficient to identify the applications and design engineers employed by SpaceX or who were acting on behalf of SpaceX in procuring, selecting, testing, and placing on BOMs ST SiC MOSFETs and ST Modules.

# EXHIBIT D

| From: | Michael Shore |
|---|---|
| To: | Cohen, Justin S (DAL - X61211); mshore |
| Cc: | Team-Purdue-ST; STPurdueHKService; McKenney, Dina W (DAL - X61757); hndai; Max Ciccarelli |
| Subject: | RE: Purdue ST - Joint Dispute Chart re Tesla, Sanmina & SpaceX Subpoenas |
| Date: | Tuesday, November 29, 2022 9:44:01 PM |

*[External email]*
Justin,

ST can stipulate the sales are US sales or you can fill out the chart. We are submitting it with or without your clients' participation.

I have no more time or patience for your antics. Your clients' recent refusals to answer multiple sets of discovery because a per side limit had been reached -- something you waited until the response date to reveal as an issue -- ended my ability to take any invitations from you to work things out as satire. I am not in the compromising mood when it comes to aligned third parties you represent.

The material is relevant and discoverable. Produce it or fill out the chart.

Best,

Michael


Sent via the Samsung Galaxy S22 5G, an AT&T 5G smartphone


-------- Original message --------
From: "Cohen, Justin S (DAL - X61211)" <Justin.Cohen@hklaw.com>
Date: 11/29/22 9:26 PM (GMT-06:00)
To: Michael Shore <mshore@shorefirm.com>
Cc: Team-Purdue-ST <Team-Purdue-ST@shorefirm.com>, STPurdueHKService <STPurdueHKService@hklaw.com>, "McKenney, Dina W (DAL - X61757)" <Dina.McKenney@hklaw.com>, Halima Shukri Ndai <hndai@shorefirm.com>, Max Ciccarelli <Max@CiccarelliLawFirm.com>
Subject: RE: Purdue ST - Joint Dispute Chart re Tesla, Sanmina & SpaceX Subpoenas

CAUTION: External Email!
Michael - because folks (including myself) have been traveling for the holiday, and because our Tesla contact left the company recently, we are still working on the issues we discussed from our meet-and-confer on Tuesday and on responses to Purdue's dispute chart (which Purdue sent before our meet-and-confer). Below is my recap from our meet-and-confer:

1. Tesla, Sanmina, and SpaceX are third parties, are not parties to this lawsuit, and do not consent to having issues around these subpoenas resolved on an expedited basis per the Court's dispute chart process. Purdue has had a year to pursue third-party discovery and discovery doesn't close until the end of February. So we fail to see the urgency here.

2. Purdue stated that the discovery it sought from these third parties is directed to determining whether Defendants' sales are US sales and for its induced infringement claims. Purdue stated it all of this discovery would be obviated if Defendants would enter into a stipulation regarding sales of the accused products were US sales. We are discussing this issue internally and with ST and I expect to have an answer for you this week as to whether Defendants will stipulate that certain sales to Tesla, Sanmina, and/or SpaceX are US sales.

3. Purdue requested sales agreements with these third parties. That is information that ST has in its possession. As Max stated, ST will be producing the Tesla contract shortly.

4. Purdue also requested communications (emails) between Defendants and these third parties. As we discussed, this is also information that Purdue can obtain directly from Defendants via an ESI protocol. You stated that Purdue was unwilling to go through that process. However, it seems to us that Purdue's position is to place an undue burden on these third parties just to avoid the Court's ESI process of obtaining email discovery. To us, that's improper under Rule 45(d) given that Purdue has an obligation to minimize the burden on third parties, not to shift its own email discovery burden to them. I ask you to reconsider Purdue's position on email discovery under these subpoenas.

5. Finally, I had asked for a more detailed/narrowed listing of documents that you believe are relevant and in the possession of these third parties. You stated that you were unwilling to provide a narrowed list, and just wanted these third parties to produce everything in the subpoenas. Purdue's resistance to working with us is creating more delay. However, we are working with Tesla, SpaceX, and Sanmina to determine which categories in the subpoena, if any, can be readily produced without an undue burden.

Again, I think it is premature trying to go the dispute chart route. I suggest we schedule another call Thursday or Friday to discuss what these third parties have that Purdue believes it needs from them. Again, what would be most helpful, is a more narrowed listing of the types of documents that Purdue believes it needs from each.

Thank you,

~Justin

**Justin S. Cohen | Holland & Knight**
Direct 214.969.1211 | Cell 214.605.1993
Add to address book | View professional biography

**From:** McKenney, Dina W (DAL - X61757) <Dina.McKenney@hklaw.com>
**Sent:** Monday, November 21, 2022 5:28 PM
**To:** hndai <hndai@shorefirm.com>
**Cc:** Team-Purdue-ST@shorefirm.com; STPurdueHKService <STPurdueHKService@hklaw.com>
**Subject:** RE: Purdue ST - Joint Dispute Chart re Tesla, Sanmina & SpaceX Subpoenas

Halima,

We have not meet and conferred about this issue.  Nor have these non-parties consented to the dispute-chart process.  We are available to meet and confer about these issues; please provide your availability to do so.

Thank you,
Dina

**Dina W. McKenney | Holland & Knight**
Associate
Holland & Knight LLP
One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, Texas 75201
Phone 214.969.1757 | Fax 214.969.1751
dina.mckenney@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**From:** Halima Shukri Ndai <hndai@shorefirm.com>
**Sent:** Monday, November 21, 2022 4:39 PM
**To:** mshore <mshore@shorefirm.com>; Max Ciccarelli <Max@CiccarelliLawFirm.com>; Cohen, Justin S (DAL - X61211) <Justin.Cohen@hklaw.com>
**Cc:** Team-Purdue-ST <Team-Purdue-ST@shorefirm.com>
**Subject:** RE: Purdue ST - Joint Dispute Chart re Tesla, Sanmina & SpaceX Subpoenas

*[External email]*
Max and Justin,

Please use this version and attached exhibits.

Best,



**Halima Shukri Ndai**
The Shore Firm
Bank of America Plaza
901 Main Street, Suite 3300, Dallas, Texas 75202
214-593-9116 (Direct) | 214-593-9110 (Firm)
www.shorefirm.com

**From:** Michael Shore <mshore@shorefirm.com>
**Sent:** Monday, November 21, 2022 4:04 PM

**To:** max@ciccarellilawfirm.com; Cohen, Justin S (DAL - X61211) <Justin.Cohen@hklaw.com>
**Cc:** Team-Purdue-ST <Team-Purdue-ST@shorefirm.com>
**Subject:** Purdue ST - Joint Dispute Chart re Tesla, Sanmina & SpaceX Subpoenas

Max and Justin,

Please see and respond to the attached Dispute Charts.

Best,

Michael

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

THE TRUSTEES OF PURDUE UNIVERSITY,

        Plaintiff,

vs.

STMICROELECTRONICS INTERNATIONAL N.V., ET AL.,

        Defendants.

No. 6:21–CV–727–ADA

JURY TRIAL DEMANDED

## NON-PARTY TESLA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure, Non-Party Tesla, Inc. ("Tesla") hereby submit their objections to Plaintiff The Trustees of Purdue University's ("Purdue") Subpoena to Produce Documents ("Subpoena").

## PRELIMINARY STATEMENT

1.     Tesla has only had a brief period to review the subpoena and begin its investigation. Purdue has refused to grant Tesla an extension on its objections. Accordingly, these objections and responses are preliminary and Tesla expects to supplement them once it has completed its initial investigation.

2.     By responding to the Subpoena, Tesla does not waive any objection that may be applicable to: (1) the use, for any purpose, by Tesla of any information or testimony given in response to the Subpoena; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information or testimony to any issue in the case. Tesla expressly reserves the right

1

to object to the use of these Responses and the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

3.     Tesla's responses to the Subpoena are made to the best of Tesla's present knowledge, information, and belief. These Responses are at all times subject to reasonable supplementation and amendment as additional information becomes available.

## GENERAL OBJECTIONS

4.     The Subpoena improperly demands production of records from a nonparty that should be requested, if relevant and discoverable, from an opposing party. Documents available from an opposing party in the litigation should not be commanded from a nonparty. The Subpoena is improper in its entirety because whatever relevant information Tesla has is available without unnecessarily burdening a nonparty. Fed.R.Civ.P. 45(d)(1).

5.     Tesla objects to the definition of "ST" as overly broad, unduly burdensome, and not proportional to the needs of this case because those terms are broader than the parties to the case, STMicroelectronics International N.V. and STMicroelectronics, Inc.

6.     Tesla reserves all objections based on the attorney-client privilege, work product doctrine or other applicable privileges.

7.     The time period provided to Tesla as a nonparty to respond to ten separate requests for production of documents during a seven year period purportedly covered by the Subpoena is unreasonable. Tesla reasonably requires significantly more time to search for, and identify potentially responsive documents and information, screen such documents and information for privilege and work product, and produce any relevant, responsive, discoverable material.

8.     Moreover, Tesla reserves the right to make additional objections because the grounds for some objections may not become apparent until potentially responsive material has been identified.

9.     Tesla objects to the burden and expense of responding to such a sweeping, dragnet Subpoena containing ten separate requests. Tesla will seek compensation and reimbursement for the time required for its personnel to review its files and identify responsive documents and for the costs of reproducing that material.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

In addition to each of the foregoing objections, Tesla provides the following objections to the Documents Requested:

1.     All BOMs for Tesla Products that include or have during the Period, included ST SiC MOSFETs or ST Modules.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

2.   Documents sufficient to identify Tesla Inverter Suppliers during the Period.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

3.     Documents sufficient to identify the contract manufacturers, suppliers, or designers of any components, systems, sub-systems, assemblies, sub-assemblies or discreet devices incorporated into a Tesla Product where such components, systems, sub-systems, assemblies,

sub-assemblies or discreet devices so incorporated are or include ST SiC MOSFETs and ST Modules as components.

**Response**: Tesla incorporates by reference its General Objections. Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

4.      Documents sufficient to identify all Tesla Products sold, offered for sale, made, used, or imported during the Period that include ST SiC MOSFETs or ST Modules.

**Response**: Tesla incorporates by reference its General Objections. Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

5.      All Documents exchanged between Tesla and ST that mention, refer or relate to ST SiC MOSFETs and ST Modules, including supply agreements, NRE agreements, NRE output, purchase orders, capacity reservations, capacity allocations, prices, deliveries, qualification, testing, importation documentation, bills of lading, shipping receipts, warehousing, the provision of samples, the Design Win process, testing, costs, negotiations, and deliveries.

**Response**: Tesla incorporates by reference its General Objections. Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

6.      All Documents evidencing the component identifiers assigned to ST SiC MOSFETs and SiC Modules used or incorporated in Tesla Products.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

7.    Documents sufficient to disclose the unit volume of ST SiC MOSFETs and ST Modules included in Tesla Products during the Period.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

8.    Documents sufficient to disclose the dollar value of ST SiC MOSFETs and ST Modules purchased, provisioned, imported, or included in Tesla Products during the Period.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

9.    Documents sufficient to identify the five (5) Tesla employees, agents, representatives, or other persons affiliated with Tesla who were the most involved in negotiating capacity reservations/allocations, forecasts, pricing, delivery, and other terms of agreements regarding ST SiC MOSFETs and ST Modules with ST.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

10.     Documents sufficient to identify the applications and design engineers employed by Tesla or who were acting on behalf of Tesla in procuring, selecting, testing, and placing on BOMs ST SiC MOSFETs and ST Modules.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

November 1, 2022

Respectfully submitted:

By:   /s/ Justin S. Cohen
**Bruce S. Sostek**
    SBN 18855700
    Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
    SBN 24003214
    Richard.Wynne@hklaw.com
**Justin S. Cohen**
    SBN 24078356
    Justin.Cohen@hklaw.com
**Dina W. McKenney**
    SBN 24092809
    Dina.McKenney@hklaw.com
**Catherine L. Reynolds**
    SBN 24107599
    Cate.Reynolds@hklaw.com

**HOLLAND & KNIGHT LLP**
    One Arts Plaza
    1722 Routh St., Suite 1500
    Dallas, Texas 75201
    214.969.1700

**ATTORNEYS FOR NON-PARTY TESLA, INC.**

6

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>     Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., ET AL.,<br><br>     Defendants. | No. 6:21–CV–727–ADA<br><br>JURY TRIAL DEMANDED |

## NON-PARTY SANMINA CORPORATION'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure, Non-Party Sanmina Corporation ("Sanmina") hereby submits its objections to Plaintiff The Trustees of Purdue University's ("Purdue") Subpoena to Produce Documents ("Subpoena").

### PRELIMINARY STATEMENT

1.  Sanmina has only had a brief period to review the subpoena and begin its investigation. Purdue has refused to grant Sanmina an extension on its objections. Accordingly, these objections and responses are preliminary and Sanmina expects to supplement them once it has completed its initial investigation.

2.  By responding to the Subpoena, Sanmina does not waive any objection that may be applicable to: (1) the use, for any purpose, by Sanmina of any information or testimony given in response to the Subpoena; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information or testimony to any issue in the case. Sanmina expressly reserves the

1

right to object to the use of these Responses and the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

3.     Sanmina's responses to the Subpoena are made to the best of Sanmina's present knowledge, information, and belief. These Responses are at all times subject to reasonable supplementation and amendment as additional information becomes available.

## GENERAL OBJECTIONS

4.     The Subpoena improperly demands production of records from a nonparty that should be requested, if relevant and discoverable, from an opposing party. Documents available from an opposing party in the litigation should not be commanded from a nonparty. The Subpoena is improper in its entirety because whatever relevant information Sanmina has is available without unnecessarily burdening a nonparty. Fed.R.Civ.P. 45(d)(1).

5.     Sanmina objects to the definition of "ST" as overly broad, unduly burdensome, and not proportional to the needs of this case because those terms are broader than the parties to the case, STMicroelectronics International N.V. and STMicroelectronics, Inc.

6.     Sanmina reserves all objections based on the attorney-client privilege, work product doctrine or other applicable privileges or protections.

7.     The time period provided to Sanmina as a nonparty to respond to ten separate requests for production of documents during a seven year period purportedly covered by the Subpoena is unreasonable. Sanmina reasonably requires significantly more time to search for, and identify potentially responsive documents and information, screen such documents and information for privilege and work product, and produce any relevant, responsive, discoverable material.

8.     Moreover, Sanmina reserves the right to make additional objections because the grounds for some objections may not become apparent until potentially responsive material has been identified.

9.     Sanmina objects to the burden and expense of responding to such a sweeping, dragnet Subpoena containing ten separate requests. Sanmina will seek compensation and reimbursement for the time required for its personnel to review its files and identify responsive documents and for the costs of reproducing that material.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

In addition to each of the foregoing objections, Sanmina provides the following objections to the Documents Requested:

1.     All BOMs for Sanmina Products that include or have during the Period, included ST SiC MOSFETs or ST Modules.

**Response**: Sanmina incorporates by reference its General Objections.  Sanmina further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Sanmina objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

2.  Documents sufficient to identify Sanmina Inverter Suppliers during the Period.

**Response**: Sanmina incorporates by reference its General Objections.  Sanmina further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Sanmina objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

3

3.      Documents sufficient to identify the contract manufacturers, suppliers, or designers of any components, systems, sub-systems, assemblies, sub-assemblies or discreet devices incorporated into a Sanmina Product where such components, systems, sub-systems, assemblies, sub-assemblies or discreet devices so incorporated are or include ST SiC MOSFETs and ST Modules as components.

**Response**: Sanmina incorporates by reference its General Objections.  Sanmina further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Sanmina objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

4.      Documents sufficient to identify all Sanmina Products sold, offered for sale, made, used, or imported during the Period that include ST SiC MOSFETs or ST Modules.

**Response**: Sanmina incorporates by reference its General Objections.  Sanmina further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Sanmina objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

5.      All Documents exchanged between Sanmina and ST that mention, refer or relate to ST SiC MOSFETs and ST Modules, including supply agreements, NRE agreements, NRE output, purchase orders, capacity reservations, capacity allocations, prices, deliveries, qualification, testing, importation documentation, bills of lading, shipping receipts, warehousing, the provision of samples, the Design Win process, testing, costs, negotiations, and deliveries.

**Response**: Sanmina incorporates by reference its General Objections.  Sanmina further objects to this request as seeking information that is not relevant and not proportional to the needs of this

case. Further, Sanmina objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

6.      All Documents evidencing the component identifiers assigned to ST SiC MOSFETs and SiC Modules used or incorporated in Sanmina Products.

**Response**: Sanmina incorporates by reference its General Objections.  Sanmina further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Sanmina objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

7.      Documents sufficient to disclose the unit volume of ST SiC MOSFETs and ST Modules included in Sanmina Products during the Period.

**Response**: Sanmina incorporates by reference its General Objections.  Sanmina further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Sanmina objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

8.      Documents sufficient to disclose the dollar value of ST SiC MOSFETs and ST Modules purchased, provisioned, imported, or included in Sanmina Products during the Period.

**Response**: Sanmina incorporates by reference its General Objections.  Sanmina further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Sanmina objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

9.      Documents sufficient to identify the five (5) Sanmina employees, agents, representatives, or other persons affiliated with Sanmina who were the most involved in negotiating capacity reservations/allocations, forecasts, pricing, delivery, and other terms of agreements regarding ST SiC MOSFETs and ST Modules with ST.

**Response**: Sanmina incorporates by reference its General Objections.  Sanmina further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Sanmina objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

10.     Documents sufficient to identify the applications and design engineers employed by Sanmina or who were acting on behalf of Sanmina in procuring, selecting, testing, and placing on BOMs ST SiC MOSFETs and ST Modules.

**Response**: Sanmina incorporates by reference its General Objections.  Sanmina further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Sanmina objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

October 17, 2022

Respectfully submitted:

By: ___ /s/ Justin S. Cohen _____
**Bruce S. Sostek**
   SBN 18855700
   Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
   SBN 24003214
   Richard.Wynne@hklaw.com
**Justin S. Cohen**
   SBN 24078356
   Justin.Cohen@hklaw.com
**Dina W. McKenney**
   SBN 24092809
   Dina.McKenney@hklaw.com
**Catherine L. Reynolds**
   SBN 24107599
   Cate.Reynolds@hklaw.com

**HOLLAND & KNIGHT LLP**
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   214.969.1700

**ATTORNEYS FOR NON-PARTY SANMINA CORPORATION**

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V.,<br>ET AL.,<br><br>Defendants. | No. 6:21–CV–727–ADA<br><br>JURY TRIAL DEMANDED |

## NON-PARTY SPACE EXPLORATION TECHNOLOGIES'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure, Non-Party Space Exploration Technologies ("SpaceX") hereby submits its objections to Plaintiff The Trustees of Purdue University's ("Purdue") Subpoena to Produce Documents ("Subpoena").

### PRELIMINARY STATEMENT

1.    SpaceX has only had a brief period to review the subpoena and begin its investigation. Purdue has refused to grant SpaceX an extension on its objections. Accordingly, these objections and responses are preliminary and SpaceX expects to supplement them once it has completed its initial investigation.

2.    By responding to the Subpoena, SpaceX does not waive any objection that may be applicable to: (1) the use, for any purpose, by SpaceX of any information or testimony given in response to the Subpoena; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information or testimony to any issue in the case. SpaceX expressly reserves the right

1

to object to the use of these Responses and the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

3.     SpaceX's responses to the Subpoena are made to the best of SpaceX's present knowledge, information, and belief. These Responses are at all times subject to reasonable supplementation and amendment as additional information becomes available.

## GENERAL OBJECTIONS

4.     The Subpoena improperly demands production of records from a nonparty that should be requested, if relevant and discoverable, from an opposing party. Documents available from an opposing party in the litigation should not be commanded from a nonparty. The Subpoena is improper in its entirety because whatever relevant information SpaceX has is available without unnecessarily burdening a nonparty. Fed.R.Civ.P. 45(d)(1).

5.     SpaceX reserves all objections based on the attorney-client privilege, work product doctrine or other applicable privileges or protections.

6.     Moreover, SpaceX reserves the right to make additional objections because the grounds for some objections may not become apparent until potentially responsive material has been identified.

7.     SpaceX objects to the definition of "ST" as overly broad, unduly burdensome, and not proportional to the needs of this case because those terms are broader than the parties to the case, STMicroelectronics International N.V. and STMicroelectronics, Inc.

8.     The time period provided to SpaceX as a nonparty to respond to ten separate requests for production of documents during a seven-year period purportedly covered by the Subpoena is unreasonable. SpaceX would reasonably require significantly more time to search for, and identify potentially responsive documents and information, screen such documents and

information for privilege and work product, and produce any relevant, responsive, discoverable material.

9.     SpaceX objects to the burden and expense of responding to such a sweeping, dragnet Subpoena containing ten separate requests. SpaceX will seek compensation and reimbursement for the time required for its personnel to review its files and identify responsive documents and for the costs of reproducing that material.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

In addition to each of the foregoing objections, SpaceX provides the following objections to the Documents Requested:

1.     All BOMs for SpaceX Products that include or have during the Period, included ST SiC MOSFETs or ST Modules.

**Response**: SpaceX incorporates by reference its General Objections.  SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

2.  Documents sufficient to identify SpaceX Inverter Suppliers during the Period.

**Response**:  SpaceX incorporates by reference its General Objections.  SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

3.     Documents sufficient to identify the contract manufacturers, suppliers, or designers of any components, systems, sub-systems, assemblies, sub-assemblies or discreet devices

3

incorporated into a SpaceX Product where such components, systems, sub-systems, assemblies, sub-assemblies or discreet devices so incorporated are or include ST SiC MOSFETs and ST Modules as components.

**Response**:  SpaceX incorporates by reference its General Objections.  SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

4.      Documents sufficient to identify all SpaceX Products sold, offered for sale, made, used, or imported during the Period that include ST SiC MOSFETs or ST Modules.

**Response**:  SpaceX incorporates by reference its General Objections.  SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

5.      All Documents exchanged between SpaceX and ST that mention, refer or relate to ST SiC MOSFETs and ST Modules, including supply agreements, NRE agreements, NRE output, purchase orders, capacity reservations, capacity allocations, prices, deliveries, qualification, testing, importation documentation, bills of lading, shipping receipts, warehousing, the provision of samples, the Design Win process, testing, costs, negotiations, and deliveries.

**Response**:  SpaceX incorporates by reference its General Objections.  SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

6.      All Documents evidencing the component identifiers assigned to ST SiC MOSFETs and

SiC Modules used or incorporated in SpaceX Products.

**Response**:  SpaceX incorporates by reference its General Objections.  SpaceX further objects to

this request as seeking information that is not relevant and not proportional to the needs of this

case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly

burdensome.


7.      Documents sufficient to disclose the unit volume of ST SiC MOSFETs and ST Modules

included in SpaceX Products during the Period.

**Response**:  SpaceX incorporates by reference its General Objections.  SpaceX further objects to

this request as seeking information that is not relevant and not proportional to the needs of this

case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly

burdensome.


8.      Documents sufficient to disclose the dollar value of ST SiC MOSFETs and ST Modules

purchased, provisioned, imported, or included in SpaceX Products during the Period.

**Response**:  SpaceX incorporates by reference its General Objections.  SpaceX further objects to

this request as seeking information that is not relevant and not proportional to the needs of this

case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly

burdensome.


9.      Documents sufficient to identify the five (5) SpaceX employees, agents, representatives,

or other persons affiliated with SpaceX who were the most involved in negotiating capacity

reservations/allocations, forecasts, pricing, delivery, and other terms of agreements regarding ST SiC MOSFETs and ST Modules with ST.

**Response**: SpaceX incorporates by reference its General Objections. SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

10.    Documents sufficient to identify the applications and design engineers employed by SpaceX or who were acting on behalf of SpaceX in procuring, selecting, testing, and placing on BOMs ST SiC MOSFETs and ST Modules.

**Response**: SpaceX incorporates by reference its General Objections. SpaceX further objects to this this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

October 17, 2022

Respectfully submitted:

By:   */s/ Justin S. Cohen*
**Bruce S. Sostek**
   SBN 18855700
   Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
   SBN 24003214
   Richard.Wynne@hklaw.com
**Justin S. Cohen**
   SBN 24078356
   Justin.Cohen@hklaw.com
**Dina W. McKenney**
   SBN 24092809
   Dina.McKenney@hklaw.com
**Catherine L. Reynolds**
   SBN 24107599
   Cate.Reynolds@hklaw.com

**HOLLAND & KNIGHT LLP**
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   214.969.1700

**ATTORNEYS FOR NON-PARTY SPACE
EXPLORATION TECHNOLOGIES**

# EXHIBIT H

| From: | McKenney, Dina W (DAL - X61757) |
|---|---|
| To: | Halima Shukri Ndai |
| Cc: | Team-Purdue-ST; Cohen, Justin S (DAL - X61211); Max Ciccarelli; jlahad; BMelton; STPurdueHKService |
| Subject: | C.A. No. 6:21-cv-00727-ADA; The Trustees of Purdue University v. STMicroelectronics N.V., et. al. - Discovery |
| Date: | Wednesday, November 9, 2022 8:07:32 PM |

Halima,

Under OGP 4.2--Patent Cases, each side is limited to 30 interrogatories and 75 requests for production.  The limit is by side, not by defendant.

Before Purdue's second set of discovery requests to ST Int'l, Purdue had already met its limits on interrogatories.  Further, the second set contains requests for production in excess of the limit.  Please let us know if you will be withdrawing any of the requests for production in the second set.

Thank you,
Dina

**Dina W. McKenney | Holland & Knight**
Associate
Holland & Knight LLP
One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, Texas 75201
Phone 214.969.1757 | Fax 214.969.1751
dina.mckenney@hklaw.com | www.hklaw.com

Add to address book | View professional biography

client or work product privilege that may be available to protect confidentiality.

# EXHIBIT I

| | |
|---|---|
| **From:** | mshore |
| **To:** | Jim Sherwood |
| **Subject:** | RE: Improper Payment for Records Request re TRUSTEES OF PURDUE UNIVERSITY vs. STMICROELECTRONICS N.V. |
| **Date:** | Monday, October 17, 2022 10:13:32 PM |
| **Attachments:** | image001.png |
| | image002.png |

Jim,

I do not have the subpoena. Whatever date is written on it as the response dare is the date the objections are due. Documents can come 10/31/22.

Michael

Sent via the Samsung Galaxy S22 5G, an AT&T 5G smartphone

-------- Original message --------
From: Jim Sherwood <jsherwood@tesla.com>
Date: 10/17/22 7:15 PM (GMT-06:00)
To: Michael Shore <mshore@shorefirm.com>, Alicia Cary-Howell <acary-howell@shorefirm.com>, Team-Purdue-ST <Team-Purdue-ST@shorefirm.com>
Cc: Fayiza Abbas <fabbas@tesla.com>
Subject: Re: Improper Payment for Records Request re TRUSTEES OF PURDUE UNIVERSITY vs. STMICROELECTRONICS N.V.

CAUTION: External Email!
So is Purdue OK with objections served by October 31, 2022?

Jim

**From:** Michael Shore <mshore@shorefirm.com>
**Date:** Monday, October 17, 2022 at 8:07 PM
**To:** Jim Sherwood <jsherwood@tesla.com>, Alicia Cary-Howell <acary-howell@shorefirm.com>, Team-Purdue-ST <Team-Purdue-ST@shorefirm.com>
**Cc:** Fayiza Abbas <fabbas@tesla.com>
**Subject:** RE: Improper Payment for Records Request re TRUSTEES OF PURDUE UNIVERSITY vs. STMICROELECTRONICS N.V.

Jim,

The current response date runs from the date of service, which was accompanied by tender of the fee. Tesla attempted to force a later date by requiring a check. We did not agree the date ran from receipt of a check. It ran from the original date of service.

We look forward to working with you.

Michael


Sent via the Samsung Galaxy S22 5G, an AT&T 5G smartphone


-------- Original message --------
From: Jim Sherwood <jsherwood@tesla.com>
Date: 10/17/22 6:45 PM (GMT-06:00)
To: Michael Shore <mshore@shorefirm.com>
Cc: Fayiza Abbas <fabbas@tesla.com>
Subject: Re: Improper Payment for Records Request re TRUSTEES OF PURDUE UNIVERSITY vs.
STMICROELECTRONICS N.V.

CAUTION: External Email!
The current response date is October 31, so I understand your email as confirming that objections
will be considered timely if received by then. Thank you.

And thank you for confirming that the court has not issued an order ruling on the subpeona.

Best,
Jim

From: Michael Shore <mshore@shorefirm.com>
Sent: Monday, October 17, 2022 7:35 PM
To: Jim Sherwood <jsherwood@tesla.com>; Michael Shore <mshore@shorefirm.com>
Cc: Fayiza Abbas <fabbas@tesla.com>
Subject: RE: Improper Payment for Records Request re TRUSTEES OF PURDUE UNIVERSITY vs.
STMICROELECTRONICS N.V.

Jim,

A subpoena is a court order.

Objections are due by the current response date. We can conference on objections at your
convenience.

Purdue can extend the date for responsive documents to 10/31/22, but will not extend the deadline
for objections. Call me any time with questions or concerns. 469-831-1455.

Best,

Michael

Sent via the Samsung Galaxy S22 5G, an AT&T 5G smartphone

-------- Original message --------
From: Jim Sherwood <jsherwood@tesla.com>
Date: 10/17/22 5:22 PM (GMT-06:00)
To: Michael Shore <mshore@shorefirm.com>
Cc: Fayiza Abbas <fabbas@tesla.com>
Subject: Re: Improper Payment for Records Request re TRUSTEES OF PURDUE UNIVERSITY vs.
STMICROELECTRONICS N.V.

CAUTION: External Email!
Mr. Shore:

Your email and Purdue's subpoena were passed along to me, and I am looking into the matter. You
referenced an order from the court in your email below, but I haven't been able to locate a court
order related to this subpoena. I only have a copy of the subpoena that was served. Can you please
provide a copy of the court order?

Additionally, would Purdue agree that objections served by Tesla by October 31, 2022, will be
accepted as timely?

Thank you for help with this.

Best,

**Jim Sherwood**
**Managing Counsel, Litigation**
1333 H Street NW, Washington, DC 20005
E. jsherwood@tesla.com

---

**From:** Michael Shore <mshore@shorefirm.com>
**Date:** Monday, October 10, 2022 at 7:15 PM
**To:** Fayiza Abbas <fabbas@tesla.com>, Michael Shore <mshore@shorefirm.com>
**Subject:** RE: Improper Payment for Records Request re TRUSTEES OF PURDUE UNIVERSITY vs.
STMICROELECTRONICS N.V.

Dear Fayiza,

Tesla does not have the option of refusing United States legal tender with a properly issued subpoena. Start collecting the documents please as ordered by the Court. It is a Court order from an Article III court.

We will forward Tesla a check as a courtesy. But Purdue providing a check in no way acts as a waiver, accommodation or agreement that the subpoena response has been extended. It has not been extended.

If you would like to discuss an extension of the legally and effectively served subpoena, please feel free to contact me. If you do not, the response date is on the Court's order.

Best,

Michael W. Shore

Sent via the Samsung Galaxy S22 5G, an AT&T 5G smartphone

-------- Original message --------
From: Fayiza Abbas <fabbas@tesla.com>
Date: 10/10/22 6:04 PM (GMT-06:00)
To: Michael Shore <mshore@shorefirm.com>
Subject: Improper Payment for Records Request re TRUSTEES OF PURDUE UNIVERSITY vs. STMICROELECTRONICS N.V.

CAUTION: External Email!
Counsel,

Tesla, Inc. has received the attached subpoena, served on October 4, 2022. We do not accept cash as a valid form of payment. You may mail a check addressed to Tesla at the address in my signature block below.

We will process your request once the check is received and will likely require an extension beyond the stated deadline of October 31, 2022. Thank you.

Best,
Fayiza Abbas
Senior Paralegal, Subpoenas & Law Enforcement Requests
901 Page Avenue | Fremont, CA 94538
E. fabbas@tesla.com   T. +1 617.650.6737